UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CLARENCE G. GOREE,

    Defendant.

Case No. 06-cr-40029-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Clarence Goree's *pro se* Motion for Copies (Doc. 526) and Motion to Proceed *in Forma Pauperis* (Doc. 527).

As the Court explained to Goree in a previous memorandum and order, defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and/or appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2), which includes a certified copy of the prisoner's trust account for the six-month period prior to filing); and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14.

Here, Goree has only made one of the three necessary showings — namely, that he is financially unable to secure access to his court files. This is evidenced by the financial affidavit and trust account statement that he submitted in conjunction with his motion to proceed *in forma*

*pauperis*. On the other hand, Goree has *not* shown that he exhausted all non-judicial avenues to obtaining the sought documents[1] or that such documents are necessary to prepare a particular non-frivolous court action. The Court will not grant Goree access to the sought documents when he may not even be contemplating legal action. Accordingly, the Court **DENIES** Goree's Motion for Copies (Doc. 526).

Similar logic applies to Goree's request to proceed *in forma pauperis*. An inmate has no cause to proceed *in forma pauperis* if he is not maintaining a specific non-frivolous court action. *See* 28 U.S.C. § 1915(e)(2) (2006). Because Goree has not informed the Court of any anticipated court action or the details thereof and because Goree does not currently have any cases open with this Court, the Court **DENIES** his Motion for Leave to Proceed *in Forma Pauperis* (Doc. 527).

The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Clarence Goree, Reg. #14872-026, FCI Greenville, Federal Correctional Institution, P.O. Box 5000, Greenville, Illinois 62246.

**IT IS SO ORDERED.**
**DATED: April 4, 2011**

                                                                        s/ J. Phil Gilbert
                                                                       **J. PHIL GILBERT**
                                                                       **DISTRICT JUDGE**

---

[1] Defense counsel, Stephen R. Welby, informed the Court that he had or would be turning over copies of the sought documents to Goree; of course, this would render the instant motion moot. Regardless, Goree's motion is without merit due to its failure to even mention the exhaustion prerequisite.