# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE G. GOREE,

    Defendant.

Case No. 4:06-cr-40029-JPG-10

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    Defendant Clarence G. Goree has filed a motion for a sentence reduction. (ECF No. 757.) The Court's jurisdiction to alter a sentence by a defendant's motion, however, is "extremely limited." *United States v. Jumah*, 431 F. App'x 494, 496, 2011 WL 2938076, at *2 (7th Cir. 2011). The Court may only entertain a motion to reconsider like Goree's for a brief time after sentencing. *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964); *United States v. Rollins,* 607 F.3d 500, 502–04 (7th Cir. 2010). Otherwise, the Court is limited by 18 U.S.C. § 3582(c). That statute instructs that the Court may only modify a sentence (1) on the motion of the Bureau of Prisons; (2) when a retroactive amendment to the sentencing guidelines applies; or (3) when "expressly permitted by statute or by Rule 35." *Jumah*, 431 F. App'x at 496; *see also United States v. Redd,* 630 F.3d 649, 650–51 (7th Cir. 2011); *United States v. Poole,* 550 F.3d 676, 678 (7th Cir. 2008). Since Goree points to none of those circumstances, the Court must **DISMISS** his motion for lack of jurisdiction. **If Goree believes that he has a legitimate argument for a sentence reduction under the First Step Act of 2018, then he should bring another motion specifically under that statute.**

**IT IS SO ORDERED.**

**DATED: JULY 23, 2019**

1

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**