IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  06-cr-40029-JPG |
| | ) |
| CLARENCE G. GOREE, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Clarence G. Goree's ("Mr. Goree") **MOTION** filed under 18 USC 3582(c)(2) Requesting Sentence Reduction due to Procedural Error Committed Under Section 404 of First Step Act 2018 ("First Step Act") (Doc. 829).

The First Step Act allows a district judge to "modify a term of imprisonment" "only to the extent allowed by retroactive legislation, retroactive changes in the Sentencing Guidelines, a motion for compassionate release, or motion under Criminal Rule 35 or 36." *United States v. Hible*, 13 F.4th 647, 649–50 (7th Cir. 2021). Mr. Goree's motion does not request a remedy under any of these grounds.[1]

Mr. Goree argues in the instant motion that he should be granted a sentence reduction considering an error in the "career offender" designation in his pre-sentence report, which is not a remedy available through the First Step Act. The relief that Mr. Goree is requesting is only available through 28 U.S.C. § 2255, which permits a collateral attack of a sentence. *United States v. Sutton*, 962 F.3d 979, 983 (7th Cir. 2020). "Prisoners cannot avoid the AEDPA's rules by

---

[1] In fact, Mr. Goree has previously a Motion to Reduce Sentence under the First Step Act (Doc. 767). The Court granted Mr. Goree's Motion (Doc. 823) and submitted an Order Reducing Sentence (Doc. 824).

1

inventive captioning. Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (citations omitted).

      Mr. Goree already filed two motions under § 2255. *See* Case No. 17-cv-660-JPG and Case No. 15-cv-942. However, the Court notes he voluntarily dismissed those motions before any response from the Government or substantive review by the Court. Thus, his prior petitions do not count toward Mr. Goree's § 2255 tally, and he does not need permission from the Seventh Circuit Court of Appeals to file a new petition. See 28 U.S.C. § 2255(h). A § 2255 motion counts only if it is resolved by a decision on the merits or, after some substantive review by the Court, the petitioner voluntarily dismissed the motion when it becomes apparent an adverse ruling is forthcoming. *See Garrett v. United States*, 178 F.3d 940, 942-43 (7th Cir. 1999) (§ 2255 motion withdrawn before response from Government did not count); *O'Connor v. United States*, 133 F.3d 548, 550-51 (7th Cir.1998) (§ 2255 motion rejected by Court as premature in light of pending appeal did not count); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (habeas petition voluntarily dismissed after it became clear petitioner could not succeed on evidentiary hearing counted).

      However, "the court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

The Court hereby **ORDERS** that Mr. Goree shall have until **December 2, 2021** to withdraw or amend this filing. After this date this Court will construe Mr. Goree's **MOTION** (Doc. 829) as a § 2255 motion.

**IT IS SO ORDERED.**

**DATED: November 2, 2021**

/s J. Phil Gilbert
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**