IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  06-cr-40029-JPG |
| | ) |
| CLARENCE G. GOREE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Clarence G. Goree's ("Mr. Goree") motion filed under 18 § USC 3582(c)(2) Requesting Sentence Reduction due to Procedural Error Committed Under Section 404 of First Step Act 2018 ("First Step Act") (Doc. 829).[1] In that motion, Mr. Goree argues that he should be granted a sentence reduction considering an error in the "career offender" designation in his pre-sentence report (Doc. 829). Finding that this remedy is not available through the First Step Act, but through a motion to correct sentence under § 2255, the Court ordered Mr. Goree to withdraw or amend his filing. *Castro v. United States*, 540 U.S. 375, 377 (2003) ("the court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.").

Mr. Goree filed a response disagreeing with the Court construing his motion as a motion to correct sentence under § 2255 (Doc. 833). In his response, Mr. Goree disagrees with the Court

---

[1] As noted previously, this Court reduced Mr. Goree's sentence from 288 months to 200 months pursuant to §404 of the First Step Act (Doc. 824).

1

and argues that "Mr. Gorree does not agree with the district judge…that the first step act allows a district judge to modify a term of imprisonment only to the extent allowed by retroactive legislation, retroactive changes in the sentencing guidelines, motion for compassionate release, or motion under criminal rule 35 or 36." (Doc. 833 at 2) (cleaned up). The Court disagrees. That language proscribing the limitations of a district judge under the First Step Act is a *direct quotation* from the Seventh Circuit Court of Appeals. *United States v. Hible*, 13 F.4th 647, 649–50 (7th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(B)).

Mr. Goree states the First Step Act allows a district court to modify a term of imprisonment to address career offender designation within Mr. Goree's presentence report because it is a "guideline error." (Doc. 833 at 2). He states that armed robbery and felony domestic battery do not count as crimes of violence for the career offender guideline and therefore the district court should resentence him. *Id*. at 6. However, the First Step Act is the incorrect avenue for this. Mr. Goree does not point to a retroactive amendment to the sentencing guidelines that allows for a reduction of his sentence. The U.S. Supreme Court discussed the ability of a district court to resentence a defendant under § 3582(c)(2).

> Dillon additionally contends that the District Court erred in failing to correct two mistakes in his original sentence. Under his view of § 3582(c)(2), a district court is required to recalculate a defendant's sentence… Dillon's arguments in this regard are premised on the same misunderstanding of the scope of § 3582(c)(2) proceedings dispelled above. As noted, § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission.

*Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2693–94, 177 L. Ed. 2d 271 (2010); *United States v. Black*, 783 F. App'x 629, 630 (7th Cir. 2019) ("To the extent Black argues that he no longer qualifies as a career offender, a § 3582(c)(2) motion is not the proper vehicle to challenge a career-offender designation.").

Additionally, as stated above and previously, Mr. Goree has already filed a motion to reduce sentence under § 3582(c)(2), which the Court granted and reduced his sentence from 288 months to 200 months (Doc. 824). This Court is not permitted to consider successive motions to reduce the sentence pursuant to § 3582(c)(2). "In other words, prisoners have only one bite at the apple per retroactive amendment to the sentencing guidelines." *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *United States v. Hible*, 13 F.4th 647, 651 (7th Cir. 2021) ("The ban on successive motions under the First Step Act is parallel to the limit on successive motions for collateral review under 28 U.S.C. § 2255.").

The relief that Mr. Goree is requesting is only available through 28 U.S.C. § 2255, which permits a collateral attack of a sentence. *United States v. Sutton*, 962 F.3d 979, 983 (7th Cir. 2020).[2] As stated previously, Mr. Goree already filed two motions under § 2255. *See* Case No. 17-cv-660-JPG and Case No. 15-cv-942. However, he voluntarily dismissed those motions before any response from the Government or substantive review by the Court. Thus, his prior petitions do not count toward Mr. Goree's § 2255 tally, and he does not need permission from the Seventh Circuit Court of Appeals to file a new petition. *See* 28 U.S.C. § 2255(h).

However, as stated previously, the court cannot recharacterize a *pro se* litigant's motion as a § 2255 without informing the defendant of its intent, which it has done so already, and warn the defendant of the successive restrictions of § 2255. *Castro v. United States*, 540 U.S. 375, 377 (2003).

The Court will provide Mr. Goree an additional opportunity to withdraw or amend the filing. If Mr. Goree wishes to proceed under § 3582(c)(2) Requesting Sentence Reduction due to

---

[2] "Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (citations omitted).

3

Procedural Error Committed Under the First Step Act 2018, the Court will dismiss his motion for lack of jurisdiction. If Mr. Goree does not wish to proceed under § 3582(c)(2), the Court will construe his motion as a § 2255 motion. Mr. Goree is able to further amend or withdraw his motion to reduce sentence.

The Court hereby **ORDERS** that Mr. Goree shall have until July 28, 2022, to withdraw, amend, or otherwise respond to this order. After this date, and if Mr. Goree does not amend or withdraw his motion, the Court will construe Mr. Goree's Motion (Doc. 829) as a § 2255 motion.

**IT IS SO ORDERED.**
**DATED: June 27, 2022**

                                        **/s J. Phil Gilbert**
                                        **J. PHIL GILBERT**
                                        **UNITED STATES DISTRICT JUDGE**